PER CURIAM.
The corporate appellant was one of two defendants below. The action was initiated by George Gurr, appellee, alleging that the Home Insurance Company was liable for the loss sustained by Gurr when his vessel, “Tempest I”, was destroyed by fire. The action was predicated upon a policy of insurance which contains a private pleasure warranty, under the terms of which the insured agrees that the vessel is to be used only for private pleasure purposes. Predicating its defense on the above warranty, the appellant denied coverage, arguing that the “Tempest I” was engaged in a commercial search for sunken treasure at the time the loss occurred, and therefore, that the vessel was not within the terms of coverage.
Summary final judgment was granted against the appellant and it has appealed.
We must reverse. The record on appeal demonstrates conclusively that genuine issues of material fact with regard to whether or not the “Tempest I” was engaged in a commercial or pleasure voyage at the time the loss occurred, remained to be determined. The appellant cites numerous facts, based upon record evidence and testimony, which it contends demonstrate that the entire purpose of the particular voyage being taken by the “Tempest I” at the time of the loss was in connection with a continuing search for sunken treasure. The appellee cites evidence in the record which shows that the loss occurred as a result of fire which began while two crewmen were having a coffee break during a routine cruise between Miami and John Penne-kamp Park in Key Largo, Florida. The appellee also argues that no evidence appears in the record to show that the vessel was engaged in a commercial operation or was under charter to a third party at the time of the loss. Suffice it to say that each of these contentions of the parties have merit and appear to be proper subjects for resolution by other than the sum *69 mary procedures that were used by the trial court.
Therefore, in accordance with the views expressed in this opinion, we are compelled to reverse the summary final judgment being appealed.
Reversed.