PER CURIAM.
Appellant, third party defendant in the trial court, seeks review of a summary final judgment entered in favor of the ap-pellee, third party plaintiff, on the issue of insurance coverage.
On September 8, 1970 appellant-insurer Arkwright-Boston Manufacturers Mutual Insurance Company, issued to the appellee, William Kieldsen, a homeowner’s policy. In March, 1974, Kieldsen purchased a 23' 3" Formula Fisherman boat which was financed through the First State Bank. Ap-pellee then applied for and was issued by the appellant insurer a homeowner’s boat endorsement thereon to his homeowner’s policy. The endorsement insured the 23' 3".Formula Fisherman, inter alia, against loss due to theft. In addition, this endorsement contained a list of exclusions which provided among other things that there would be no coverage for loss or damage while the insured property was being used for commercial purposes. Subsequently, appellee’s Formula Fisherman was stolen while moored at Crandon Park Marina. Appellee Kieldsen notified appellant insurer thereof. In July 1973, appellant informed appellee that his claim was being denied on the basis that the boat was being used for commercial purposes. On September 17, 1973, the premiums which previously had been paid on the boat endorsement were refunded and the endorsement itself was eliminated from the homeowner’s policy.
On January 28, 1974 plaintiff, First State Bank, filed a complaint against ap-pellee Kieldsen and alleged therein that Kieldsen had defaulted on his boat payments. Appellee answered and filed a third party complaint against the appellant and alleged therein that his Formula Fisherman was being used for pleasure purposes at the time of its theft and was insured for such loss pursuant to the watercraft endorsement to his homeowner’s policy issued by appellant-insurer. Appellant answered alleging the loss claim was- excluded under the policy on the basis that appellee Kieldsen was operating the' Formula. Fisherman for commercial purposes. Thereafter both appellee and appellant filed motions for summary judgment on the issue of coverage. After hearing oral argument thereon, the trial judge granted summary judgment on the issue of coverage in favor of the appellee, Kieldsen, and denied appellant-insurer’s motion for summary judgment. By taking this interlocutory appeal, appellant seeks review thereof. We affirm.
*225 A review of the record on appeal in the case sub judice clearly reflects that although appellee Kieldsen sporadically had used his boat for commercial purposes, at the time of the theft of the Formula Fisherman the craft was being used for private pleasure purposes. There being no material issues in fact, we find that the trial judge correctly decided the issue of coverage, the only matter remaining to be resolved, in favor of the appellee, Kieldsen. Cf. The Home Insurance Company v. Gurr, Fla.App.1970, 237 So.2d 68 and see Reliance Insurance Company v. The Yacht “Escapade,” 280 F.2d 482 (5th Cir. 1960).
Accordingly, the judgment herein appealed hereby is affirmed.
Affirmed.